UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| AUTO-OWNERS INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 4:15-cv-04211-SLD-JEH ) ) |
| HERRELL & CO. d/b/a SNELLING PROFESSIONAL SERVICES and JOSHUA RICE, | ) ) ) ) ) |
| Defendants. | ) ) ) |

ORDER

Before the Court is Plaintiff Auto-Owners Insurance Company's ("Auto-Owners") motion for default judgment, ECF No. 10. For the following reasons, the motion is GRANTED.

On December 22, 2015, Auto-Owners filed the instant lawsuit. Compl., ECF No. 1. Auto-Owners claimed that it had issued an insurance policy ("the policy") to Defendant Snelling Professional Services ("Snelling") on May 23, 1988, and that Snelling had renewed the policy yearly, including for the term of May 23, 2015 through May 23, 2016. Compl. ¶¶ 9, 14. Snelling is an employment placement and job services company that helps hire and place temporary employees at various companies. *Id.* ¶ 12. The policy covers employees that Snelling places, but by its terms, covers only "clerical office employees." *Id.* ¶ 15. Auto-Owners alleged that Defendant Rice applied for a job as a welder with Snelling on May 7, 2015, and that Snelling placed him as a welder with Flo-Pro Systems, Inc. ("Flo-Pro"). *Id.* ¶¶ 20–21. On July 30, 2015, Rice injured himself on the job, and required surgery. *Id.* ¶¶ 31, 35. On September 1, 2015, Auto-Owners denied workers compensation insurance coverage to Snelling for Rice's

1

injury, on the basis that he was not a clerical employee and thus not covered by the policy. *Id* ¶ 46.

The Complaint sought a declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, declaring that Auto-Owners is not obligated to defend or indemnify Snelling in connection with any claims arising from Rice's injury, because Rice was not a clerical office employee at the time of his injury, and therefore claims relating to his injury were not covered under the policy. *Id.* ¶ 51. It also sought a declaratory judgment that the policy, as renewed for May 23, 2015 to May 23, 2016, was rescinded. *Id.* ¶ 58. Both Rice and Snelling were served in accordance with Federal Rule of Civil Procedure 4(c)(1), the former on March 16, 2016, ECF No. 8, and the latter on March 10, 2016, ECF No. 9. Neither Rice nor Snelling ever filed any responsive pleadings, and on June 29, 2016, Auto-Owners filed the instant motion for default judgment, seeking default judgment apparently only on the first Count of their Complaint; namely, that Auto-Owners is not obligated to defend or indemnify Snelling for any claims arising from Rice's injury. Mot. Default. J. 2. Default entered on July 22, 2016. *See* Jul. 19, 2016 Text Order.

When properly served with a copy of the summons and complaint, a defendant must file an answer or otherwise respond within twenty-one days. Fed. R. Civ. P. 12(a)(1). If he fails to plead or otherwise defend, the Clerk must enter his default. *Id.* 55(a). If the plaintiff seeks a sum certain, the Clerk must then enter judgment in that amount, *id.* 55(b)(1); if the plaintiff seeks some other relief, she must apply to the court for a default judgment, *id.* 55(b)(2). The decision whether to enter default judgment lies within the district court's discretion. *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993). Courts consider a number of factors in deciding whether to enter default judgment, including the "amount of money

potentially involved, whether material issues of fact or issues of substantial public importance are at issue, whether the default is largely technical, whether the plaintiff has been substantially prejudiced by the delay involved, and whether the grounds for default are clearly established or are in doubt." *State Farm Fire & Cas. Co. v. Nokes*, No. 2:08-CV-312 PPS, 2010 WL 679057, at *2 (N.D. Ind. Feb. 23, 2010).

Here, Auto-Owners, does not seek a money judgment, but rather to delineate its rights via a declaratory judgment against potential future claims by its insured, who failed to respond to or defend against the claim. The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "The remedy made available by the Declaratory Judgment Act . . . relieves potential defendants from the Damoclean threat of impending litigation which a harassing adversary might brandish, while initiating suit at his leisure—or never. It permits actual controversies to be settled before they ripen into violations of law . . . ." *Med. Assur. Co. v. Hellman*, 610 F.3d 371, 381 (7th Cir. 2010) (quoting 10B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2751 (3d ed. 1998)).

The Declaratory Judgment Act is aimed at precisely the kind of judgment that Auto-Owners seeks. Suits by insurers seeking declarations of no duty to indemnify are common. *See, e.g.*, *Sec. Ins. Co. of Hartford v. Schipporeit, Inc.*, 69 F.3d 1377, 1380 (7th Cir. 1995). The default is not largely technical, but actual; no Defendant has appeared or pleaded. The public interests involved favor entry of default judgments defining the rights of insurers when insureds do not appear to contest the claims. The victim of the alleged accident was named as a defendant

as well, and had an opportunity to appear and present arguments on his own behalf. And the grounds for default are clearly established.

Entry of default judgment is appropriate, as is a declaratory judgment to the effect that Auto-Owners is not obligated to defend or indemnify Snelling for any claims arising from Rice's injury.

## CONCLUSION

Accordingly, Plaintiff's motion for default judgment, ECF No. 10, is GRANTED. Plaintiff Auto-Owners Insurance Company is not obligated to defend or indemnify Defendant Herrell & Co., doing business as Snelling Professional Services, for any claims arising from an injury suffered by Defendant Joshua Rice on July 30, 2015. The Clerk is directed to enter judgment and close the case.

Entered this 30th day of March, 2017.

                       s/ Sara Darrow
                       SARA DARROW
                UNITED STATES DISTRICT JUDGE